# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| BRYAN K. MILES, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Cause No. 1:18-cv-2300-WTL-TAB ) |
| COMMUNITY HEALTH NETWORK, | ) ) |
| Defendant. | ) |

## ENTRY ON DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on the Defendant's Motion to Dismiss (Dkt. No. 16) and Motion to Strike (Dkt. No. 22). The Court, being duly advised, **GRANTS IN PART AND DENIES IN PART** the Defendant's motion to dismiss and **DENIES** the Defendant's motion to strike for the reasons set forth below.

The Plaintiff asserts claims of age, race, and gender discrimination under Title VII of the Civil Rights Act ("Title VII"), the Age Discrimination in Employment Act ("ADEA") and 42 U.S.C. § 1981. The Defendant argues that the Plaintiff's Complaint should be dismissed because it does not provide "detailed factual contentions," as required by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Such "detailed factual contentions," however, are not required in the Plaintiff's Complaint. Notably, the Plaintiff "prepared his complaint by filling out a complaint form supplied to him by the district court. The form does not require , or indeed permit, extensive factual detail, for it provides only six lines for listing the facts supporting the [P]laintiff's claim of discrimination." *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015) (internal quotation marks omitted).

However, while the Plaintiff is not required to provide "detailed factual contentions," when he does so, he may plead himself out of court. *See Epstein v. Epstein*, 843 F.3d 1147, 1150 (7th Cir. 2016) ("A plaintiff can plead himself out of court by pleading facts that show that he has no legal claim."). To bring a claim under Title VII or the ADEA, the Plaintiff must first file a claim with the Equal Employment Opportunities Commission ("EEOC"). *Chaudry v. Nucor Steel-Ind.*, 546 F.3d 832, 836 (7th Cir. 2008). Documents submitted by the plaintiff show that he only filed a race-based discrimination claim with the EEOC. Dkt. No. 11. Because he did not file an age or gender claim with the EEOC, the Court agrees with the Defendant that the Plaintiff failed to exhaust his administrative remedies as to these claims and therefore **GRANTS** the motion to dismiss as to these claims. Only the race discrimination claims survive.[1]

The Defendant also seeks to strike the Plaintiff's filing at Dkt. No. 21, however, the Court sees no reason to do so. The Defendant construes the Plaintiff's filing as "an improper attempt by [the] Plaintiff to amend his Complaint," Dkt. No. 22 at 2, but, as the Defendants note, the document is identical to one previously filed by the Plaintiff, "albeit with an updated address."[2] *Id.* Accordingly, the Court construes this filing as a notice of change of address, and **DENIES** the Defendant's motion to strike.

---

[1] The Defendant also seeks a more definite statement of the Plaintiff's claims, noting that "[t]he Federal Rules require [the Defendant] to respond to the Complaint in short and plain terms, asserting defense s and admitting or denying the averments upon which [the] Plaintiff relies." Dkt. No. 17 at 10. The Defendant seems to conflate the Plaintiff's Complaint, Dkt. No. 1, with the Complaint's supporting documents, Dkt. No. 1-1. The Defendant need only respond to the factual allegations in the Complaint, not those asserted in the supporting documents. Accordingly, this request is denied.

[2] This change of address is already reflected on the docket.

SO ORDERED: 1/16/2019

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

**Copy by United States Mail to:**

**Bryan K. Miles**
**307 Burgess Ave, Apt. 2**
**Indianapolis, IN 46219**

Copies to all counsel of record via electronic notification